## BEAN *v.* WALKER.

38  359
69  423

One of several defendants in an action upon a contract, who has been defaulted, is a competent witness, under the provisions of the Revised Statutes, for a co-defendant in any matter of defence personal to such co-defendant, if released from liability for costs already accrued.

Such defaulted defendant, if liable for the costs of subsequent litigation between the plaintiff and his co-defendant, must be legally liable therefor, whatever the result of that litigation, and is, therefore, not so interested in its result as to be inadmissible.

Assumpsit, upon a joint and several note, dated September 17th, 1855, for $170, payable to the plaintiff, or order, in thirty days from date, and signed by Chase as principal and Walker as surety. Plea, the general issue.

The action was commenced in the Common Pleas, and brought by appeal to this court. Chase was defaulted in the Common Pleas.

Upon the trial, at the January term, 1858, of the Supreme Judicial Court for this county, the counsel for Walker stated the defence to be that Walker was surety only upon the note, and that, just before the expiration of the thirty days, Chase made a new contract with the plaintiff, to extend the time of payment for thirty days more, for which he paid him three dollars.

To prove these facts, Chase, having been released by Walker from all claim for any costs that he, Walker, might have to pay in the suit, was offered as a witness. He was objected to on the following grounds : 1. Because he was a party to the suit, and interested to testify so as to discharge himself; because he was liable to Walker, if judgment should be rendered against him. 2. If Chase's interest was balanced between the parties, still he had an interest to testify so as to discharge Walker, and thereby himself, from the costs of the suit *arising after his default.*

Judgment, if rendered, would be against both for debt and costs; but if the verdict should be in favor of Walker, Chase would not be chargeable with the costs of litigation after his default. 3. Chase could only be a witness to some defence personal to Walker; that the defence proposed to be shown was personal to him, and should appear by a brief statement or special plea, and could not be admitted under the general issue.

The objections to the witness being overruled, he testified substantially to the facts stated by the counsel in his opening.

The jury returned a verdict for the defendant, and the plaintiff moved to set the same aside, and for a new trial, for supposed error in the ruling of the court.

*S. N. Bell,* for the plaintiff.

The question in this case is, was Chase a competent witness. The general rule since the statute of 1834 is, that a defendant who is defaulted is a competent witness, provided he has no interest. If he has an interest, he is incompetent. *Blake* v. *Ladd,* 10 N. H. 190; *Essex Bank* v. *Rix,* 10 N. H. 201; *Bowman* v. *Noyes,* 12 N. H. 302; *Bank* v. *Moor,* 19 N. H. 564.

Chase had a direct interest to testify in such manner as to show that no cause of action existed. The effect of that testimony would be to show that no judgment could be rendered against him, although he had been defaulted. The question is to be determined by the court, before the testimony is admitted, whether the witness stands in such a position that his testimony would, if given in a particular manner, show that no cause of action existed. If so, he has a direct interest so to testify. He is in the position that his own liability to pay the debt on which he has been defaulted is to be determined by his own testimony.

After the release of Chase by Walker from the costs Walker might have to pay in the suit, his interest in the

debt was balanced as to the plaintiff and Walker. Still he had an interest to testify in such manner as to discharge Walker, as thereby he would discharge himself from the costs which arose after Chase's default. If the verdict on the trial was against Walker, then judgment would be rendered against Chase and Walker for the debt and the costs. There could be but one judgment. It could not be a judgment against Chase, for the debt and costs up to the time of his default, and another, for the same debt and costs against Walker until the rendition of the judgment. It must be a single judgment against both jointly for debt and costs. This judgment would give the plaintiff a claim against Chase for the full amount of the costs, and that Walker could not release. Walker might release it, if he paid the judgment; but the plaintiff would be at liberty to collect his execution of Chase without calling on Walker, and then Walker's release would be of no avail. Chase had a direct interest to testify to discharge Walker, and thereby himself, from these costs since his default; for, if Walker were discharged, the judgment could only be against Chase for the debt and costs until his default, or, at most, but five days' attendance at each term after his default.

In *Essex Bank* v. *Rix*, 10 N. H. 190, a *quære* is suggested, whether a defendant who is defaulted can be a witness, where the defence was of a nature that, if true, no judgment could be rendered; and in *Bowman* v. *Noyes*, 12 N. H. 302, it is said that a defendant who is defaulted cannot be a witness for another defendant who pleads to the issue, where the defence is not personal to the latter, or where it may affect the damages against the latter. How is it to be determined that the defence is personal to the latter defendant unless it appear by the pleading?

Upon the general issue, the defendant, admitted as a witness, unless restrained, would have it in his power to incorporate into his testimony matter which would have

a material bearing on some other point in which he had a direct interest, as to show that the action could not be maintained against either, or any other defence going to the merits of the whole of the plaintiff's claim, his testimony could not be confined to the matter wherein he was competent, unless there were something to show what the defence of the other defendant was, and that the defaulted defendant was called to support that defence. The rule laid down in *Bowman* v. *Noyes,* above cited, "that one who has an interest in the cause cannot be admitted to testify to particular matters in which he has no interest," would exclude the witness entirely, unless the pleading show the issue to be so limited that he had no interest, and that the defence was such that the result of the suit would not affect him.

The defence set up admits the matters stated in the declaration, and avoids them, by stating a defence which does not go to the merits of the plaintiff's claim, but is personal to Walker. This should have been set out either by special plea or brief statement. 1 Chitty Pl. 478, 507.

*Cross & Topliff,* for the defendant Walker.

FOWLER, J. Taking for granted, what a portion of the court were strongly inclined to doubt, but what seems to be conceded in the argument of the plaintiff's counsel, that the provisions of the Revised Statutes in relation to proceedings in actions *ex contractu,* against several, are but a substantial reënactment, in somewhat different language, of the statute of July 4, 1834, it may be regarded as well settled in this State, that one of several defendants in such actions, who had been defaulted, was a competent witness for his co-defendant, prior to the recent legislation making parties to actions competent witnesses, provided he had no interest in the controversy between the plaintiff and such co-defendant. If the defence were one personal

to that co-defendant, he had no interest, so far as the debt claimed to be recovered was concerned, since under the statute, the plaintiff might take judgment against him whether his co-defendant were found liable or not. If released from any liability to his co-defendant for costs, he was, therefore, a competent witness, although, as in the case before us, his co-defendant might have been his surety in the contract, since it must have been a matter of indifference, and wholly immaterial, whether he should pay the debt to the plaintiff, or to his surety co-defendant. *Blake* v. *Ladd*, 10 N. H. 190 ; *Essex Bank* v. *Rix*, 10 N. H. 101 ; *Bowman* v. *Noyes*, 12 N. H. 302 ; *Manchester Bank* v. *Moore*, 19 N. H. 564 ; *Chase* v. *Lovering*, 27 N. H. (7 Fost.) 295.

But the plaintiff's counsel contends that, although Chase, the principal debtor in the present case, after his default and his release by his surety and co-defendant from liability for costs, had no interest in the debt or the costs of litigation up to the time of his default, which would render him incompetent, still he was so interested in the costs of the subsequent litigation between the plaintiff and his co-defendant as to be disqualified ; since he had an interest to testify in such a manner as to discharge his co-defendant, and, consequently, himself from those costs.

This argument proceeds on the assumption that, in assumpsit against several upon a joint contract, a defaulted defendant is legally liable for the costs of subsequent litigation between the plaintiff and his co-defendant, as to a matter of defence personal to such co-defendant, in case such co-defendant shall be unsuccessful therein, notwithstanding the provisions of our statute ; a proposition by no means clear, and which would seem to be exceedingly unreasonable, but the correctness or incorrectness of which it is not now necessary to determine. It rests on the doctrine that, in suits of this character, there can be

only one judgment for the plaintiff, which must be for the debt and entire costs against all the defendants who are ultimately found liable; so that, if the co-defendant fails in his personal defence, the defaulted defendant will be liable for all the costs of the litigation between such co-defendant and the plaintiff.

But, if this theory of the plaintiff's counsel be correct, it seems to us that a defaulted defendant, against whom, under our statute, as it has been construed, the plaintiff may take judgment for the debt or damages, whatever the result of the litigation between himself and another defendant, must be liable for the costs of the subsequent litigation, whether that other defendant is ultimately charged for the debt or damages, or not. If the discharge of his co-defendant from liability for any portion of the debt or damages does not operate to discharge a defaulted defendant therefrom, neither can the discharge of that co-defendant from liability for any portion of the costs operate to discharge him from those costs. A defaulted defendant must be legally liable for the costs of subsequent litigation between the plaintiff and his co-defendant, or not liable for them. If liable at all, it must be because he is liable for the debt, and the plaintiff recovers costs only as incident to the recovery of the debt, and can have but a single judgment; consequently his liability for costs must be coëxtensive with his liability for the debt. If a plaintiff be entitled to judgment against two defendants for his debt, he is at the same time entitled to judgment for his taxable costs against the same defendants; if he be entitled, as the result of his suit, to judgment for his debt against only one of those defendants, he cannot be obliged to relinquish any portion of the costs necessarily and properly incurred in obtaining that judgment because another defendant was found not liable, and he is compelled to pay him costs. The penalty he incurs as the consequence of his want of success against the other

Bean *v.* Walker.

defendant, consists in his being subjected to a judgment in favor of that other defendant for his costs, and not in his being obliged to lose any portion of the costs properly incident to the recovery of the judgment for his debt. Under our statute, the court might and perhaps would, on motion, interfere to limit the costs to be recovered against a defaulted defendant in such case, but on the theory assumed by the counsel for the plaintiff, the legal liability and result must be as we have stated them.

It seems to us quite plain, therefore, that so far as the costs of subsequent litigation were concerned, the principal debtor, having been defaulted, was entirely indifferent, without any release, as to the result of the controversy between the plaintiff and his surety co-defendant, because, on the theory of the plaintiff's counsel, he must have been legally liable for those costs equally, whether his co-defendant were discharged or not; and, after being released, if he had any interest, it was against the party calling him, inasmuch as, in the event of a judgment against both himself and his surety, and the enforcing of that judgment against the surety, the release would protect him against any claim by the surety for any portion of the entire costs of the suit.

With these views, the objections taken to the ruling of the court admitting Chase as a witness must be overruled, and there must be judgment for the defendant, Walker, on the verdict in his favor.

*Judgment on the verdict.*